UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PATRICK BANKS,<br><br>                        Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>                        Respondent. | Case No.: 18cv0147 JLS (JLB)<br><br>**REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

Before the Court are: (1) Petitioner's Motion to Stay Proceedings Pending Exhaustion of State Remedies and to Hold Federal Petition in Abeyance ("Motion," ECF No. 2); (2) Respondent's Opposition to Petitioner's Motion to Stay Proceedings Pending Exhaustion of State Remedies and to Hold Federal Petition in Abeyance ("Opposition," ECF No. 5); and (3) Petitioner's Reply to Respondent's Opposition to the Motion to Stay and Abey the Habeas Corpus Petition ("Reply," ECF No. 6).

## II.    PROCEDURAL HISTORY

On November 7, 2014, Petitioner was sentenced to thirty-seven years to life following conviction in San Diego County Superior Court for burglary with intent to commit rape or a forcible sexual penetration, two counts of forcible sexual penetration, and

rape of an intoxicated person. (ECF Nos. 2-1 at 1 and 5 at 1.)[1] Petitioner appealed, and on June 25, 2016, the California Court of Appeal affirmed the judgment. (ECF No. 2-1 at 1.) Petitioner then filed a petition for review in the California Supreme Court seeking review of the same issues that he raised before the Court of Appeal. (*Id.*) The California Supreme Court denied the petition for review on October 26, 2016. (*Id.*)[2] Petitioner did not file a writ of certiorari in the United States Supreme Court. (*Id.*)

In August 2017, a forensic firm retained on behalf of Petitioner uncovered new forensic evidence concerning evidence used against Petitioner at his trial. (ECF No. 2-1 at 1.) At Petitioner's trial, the prosecutor introduced an e-book[3] into evidence and referenced it extensively during his closing argument. (ECF No. 2-2 at 1.) The new forensic evidence indicates that Petitioner may not have read the e-book that was found on his MacBook Pro laptop and used against Petitioner at his trial. (ECF No. 6-1 at 2.) According to Petitioner, this new forensic evidence gives rise to three new grounds (Grounds 4-6)[4] for habeas corpus relief from Petitioner's 2014 convictions. (ECF No. 2-2 at 1.)

Petitioner retained counsel in September 2017, for the purpose of presenting the new evidence in a habeas corpus petition. (ECF No. 5 at 3-4.) On January 19, 2018, Petitioner, through counsel, filed a petition for writ of habeas corpus in the San Diego County Superior

---

[1] Citations to documents filed on the docket for this action refer to the pagination assigned by the CM/ECF system.
[2] *See also People v. Banks*, Case No. S237094, available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2154250&doc_no=S237094&request_token=NiIwLSIkXkw5WzAtSCM9TExIQEg0UDxTICMuRzNSMCAgCg%3D%3D.
[3] The full title of the e-book at issue is *Seduction of Dummies*, *How to Get the Women You Desire into Bed*. (ECF No. 2-3 at 1.)
[4] Grounds 4 through 6 are as follows: (Ground 4) "Petitioner was denied due process because newly discovered evidence undermines the bases upon which the trial court relied for admitting the *Seduction for Dummies* book into evidence and the bases upon which the Court of Appeal upheld that ruling" (ECF No. 1 at 9); (Ground 5) "Petitioner was denied due process because newly discovered evidence shows that the trial court admitted the book *Seduction for Dummies* based on false evidence" (*id.* at 10); and (Ground 6) "Petitioner was denied his Sixth Amendment right to the effective assistance of counsel because trial counsel conducted a less than thorough investigation in that counsel failed to learn of the facts described in the supporting facts of issue four that would have resulted in the exclusion of the *Seduction for Dummies* book from evidence" (*id*).

Court raising the three new grounds arising from the new forensic evidence. (ECF No. 2-1 at 1.) On April 6, 2018, the San Diego County Superior Court denied the state petition. (ECF No. 6 at 1.) On May 31, 2018, Petitioner appealed his new habeas corpus claims to the California Supreme Court, and that appeal is currently pending.[5]

On January 26, 2018, while his state petition was still pending with the Superior Court, Petitioner filed a federal petition for writ of habeas corpus (the "Petition") in this Court. (*Id.* at 2.) Petitioner filed the Petition in time to avoid the expiration of the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period.[6] The Petition contains three claims that have been fully exhausted in state court (Grounds 1-3) and the three new claims that are currently before the California Supreme Court (Grounds 4-6).[7] (ECF No. 2-1 at 2.) Also on January 26, 2018, Petitioner filed his Motion requesting to stay proceedings and hold the Petition in abeyance. (ECF No. 2 at 1.) Respondent then filed his Opposition (ECF No. 5), and Petitioner filed his Reply (ECF No. 6).

### III. ANALYSIS

Both parties are in agreement that a stay of proceedings is appropriate. (ECF No. 5 at 5.) However, the parties disagree as to whether this Court should grant a stay utilizing the "stay and abey" procedure set forth in the Supreme Court case *Rhines v. Weber*, 544 U.S. 269 (2005), or the procedure established by the Ninth Circuit in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).

---

[5] California Appellate Courts Case Information Website, California Supreme Court, *Docket*, Case No. S249127, available at
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2253150&doc_no=S249127&request_token=NiIwLSIkXkw5WzAtSCJNXEhIQDg0UDxTJyBOQzhSQCAgCg%3D%3D.

[6] Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

[7] The three new claims will be exhausted once they are reviewed by the California Supreme Court. A claim can be exhausted even if it is presented only to the California Supreme Court. *Wilson v. Knowles*, 638 F.3d 1213, 1214 (9th Cir. 2011).

3

Generally, district courts may only consider federal habeas petitions the claims of which have been fully exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 520 (1982). Petitioner filed what is referred to as a "mixed petition" in this Court. A "mixed petition" is a petition that contains some claims that have been fully exhausted in state court and some claims that have not been fully exhausted. *Rhines*, 544 U.S. at 271.

**A. Legal Standard**

**1. *Rhines* Procedure**

In *Rhines*, the Supreme Court established a procedure for a district court to grant a stay of a mixed habeas corpus petition that applies in limited circumstances. *See Rhines*, 544 U.S. at 277. Under the *Rhines* procedure, a district court stays the entire mixed petition and holds it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Id.* at 275. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all of his claims. *Id.* at 277. This stay and abey procedure allows for the petitioner's mixed petition to remain in federal court during the pendency of the state courts' full round of collateral review over the petitioner's claims, rather than requiring dismissal of the unexhausted claims. *Id.*

*Rhines* established three requirements for a district court to grant this type of stay of a mixed habeas petition. *Id.* at 278. The petitioner must have: (1) good cause for his failure to exhaust; (2) unexhausted claims that are potentially meritorious; and (3) refrained from "intentionally dilatory litigation tactics." *Id.*; *see also King v. Ryan*, 564 F.3d 1133, 1135-36 (9th Cir. 2009). In this case, the parties agree that requirements two and three are satisfied, and the parties only dispute whether the good cause requirement is met.

Neither the United States Supreme Court nor the Ninth Circuit has established a precise definition of "good cause" for a stay under *Rhines*. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see also Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014); *Corjasso v. Ayers*, No. 97cv0018, 2006 WL 1581787, at *1 (E.D. Cal. June 6, 2006). Addressing

*Rhines*, the Ninth Circuit has clarified that a petitioner's good cause for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.2d 1019, 1024 (9th Cir. 2008).

In *Blake v. Baker*, the Ninth Circuit noted that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust earlier]." *Blake*, 745 F.3d at 982 (citing *Pace*, 544 U.S. at 416). Further, the Supreme Court has noted in a different context that cause "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (addressing cause for a petitioner's procedural default) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Hoyos v. Cullen*, No. 09cv0388 L (NLS), 2011 WL 11425 at *9 (S.D. Cal. June 4, 2011) (applying *Coleman* in the context of granting a *Rhines* stay, but noting that good cause under *Rhines* "is more expansive than the cause required to overcome a procedural bar"); *Sangurima v. Montgomery*, No. 17cv5022, WL 7371168, *6 (C.D. Cal. Dec. 12, 2017) (same).

Newly discovered evidence can constitute good cause for a *Rhines* stay. *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011); *see also Crisp v. Davey*, No. 15cv0938, 2015 WL 2358631, at *2 (E.D. Cal. May 15, 2015); *Roberts v. Harrison*, No. 05cv1006, 2006 WL 705934, at *1 (E.D. Cal. Mar. 17, 2006). Good cause may be shown where the factual predicate of the new claims was unknown when the petitioner filed his initial habeas petition in state court. *See Lugo v. Kirkland*, No. 05cv0580, 2006 WL 449130, at *4 (N.D. Cal. Feb. 3, 2006) (holding that good cause existed, in part, based on new evidence only uncovered once new counsel commenced his investigation).

### 2. *Kelly* Procedure

Where the *Rhines* requirements have not been met, a district court must follow the procedure established by the Ninth Circuit in *Kelly* for granting a stay. *Kelly*, 315 F.3d at 1070-71. The *Kelly* procedure, unlike the *Rhines* procedure, requires the petitioner to dismiss his unexhausted claims and then attempt to add them back into the federal habeas petition once they have been fully exhausted in state court. *Id.* Indeed, the petitioner must first amend his petition to delete any unexhausted claims. *Id.* Second, the district court stays and abeys only the amended petition containing the fully exhausted claims. *Id.* Third, after exhaustion, the petitioner may move to amend his petition to reattach newly exhausted claims to the original petition. *Id.*

The Ninth Circuit's procedure under *Kelly* does not necessarily protect the petitioner's unexhausted claims from potential statute of limitation problems. Instead, after exhausting his claims in state court, the petitioner must show that the newly exhausted claims satisfy both *Mayle v. Felix*, 545 U.S. 644 (2005), by sharing a "common core of operative facts" with the claims in the current petition, and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with AEDPA's statute of limitations. *King*, 564 F.3d at 1141-43. A stay under *Kelly* does not toll AEDPA's limitations period with respect to unexhausted claims. *Id.* at 1140-42.

## B. Petitioner's Argument

Petitioner argues that a stay under *Rhines* is appropriate and preferable to a stay under *Kelly*. (ECF No. 2-1 at 8.) Petitioner prefers a stay under *Rhines* because he wants the guarantee of timely and efficient federal relief, through what he argues is a more "streamlined" stay procedure than that provided under *Kelly*. (*Id.*) Petitioner argues there is good cause for his failure to exhaust his new claims earlier because the new claims are based on new evidence discovered in August 2017, and Petitioner diligently retained counsel in September 2017 to raise his new claims. (ECF No. 6 at 5.)

The only delay at issue is attributable to Petitioner's counsel. (ECF No. 5 at 4.) Specifically, there was a four-month delay between counsel being retained in August 2017

and the filing of Petitioner's state habeas petition raising his new claims in January 2018. (*Id.*) Petitioner's counsel filed a declaration attributing this delay to pre-paid vacations in October and November 2017, having to file a supplemental opening brief in a murder case, and having to handle matters regarding the worsening health of his elderly parents. (ECF Nos. 2-3 at 3 and 6 at 5.)

### C. Respondent's Argument

Respondent does not dispute that Petitioner satisfies the meritorious claims and lack of intentionally dilatory litigation tactics requirements under *Rhines*. (ECF No. 5 at 4.) Respondent's only basis for opposing a stay under *Rhines* is for lack of good cause regarding Petitioner's failure to exhaust state court remedies earlier. (ECF No. 5 at 4.) Specifically, Respondent focuses on the four-month time period between August 2017 and January 2018. (ECF No. 6 at 2.) Respondent argues that Petitioner fails to establish good cause for his failure to exhaust state court remedies earlier because "counsel's workload does not provide good cause for his failure to exhaust his claims in state court." (ECF No. 5 at 4 (citing report and recommendation issued in *Corjasso v. Ayers*, No. 97cv0018, 2006 WL 1581787, at *1 (E.D. Cal. June 6, 2006)).)

### D. *Rhines* Analysis

The issue before the Court, therefore, is whether the district court should employ the *Rhines* procedure of stay and abeyance and, more specifically, whether Petitioner had good cause for not exhausting state court remedies prior to January 2018. (ECF No. 5 at 4.)

#### 1. Good Cause

The first requirement to obtain a stay under *Rhines* is that the petitioner has shown good cause for his failure to exhaust his new claims earlier. *Rhines*, 544 U.S. at 278. Here, Petitioner has met his burden to show good cause for a stay under *Rhines*.

Petitioner presents a "reasonable excuse" for not bringing forth his claims earlier because these new claims are based upon new evidence. (ECF No. 2-1 at 1.) After direct appeal, Petitioner's father retained a forensic firm on Petitioner's behalf. (ECF No. 2-2 at 2.) He also subsequently hired another firm, Avansic, Inc., which found forensic evidence

allegedly showing that Petitioner did not read the e-book *Seduction for Dummies* that was admitted into evidence during trial. (ECF No. 6-1 at 2.) Avansic, Inc.'s findings were based on new evidence and form the basis of Petitioner's three unexhausted claims, Grounds 4-6 of the Petition. Because Petitioner's new claims are based on new evidence first discovered in 2017, there is good cause for Petitioner's failure to exhaust these claims in 2016 during his first round of collateral review in state court.

Respondent does not address the fact that the new claims are based on new evidence. Instead, Respondent focuses on Petitioner's counsel's four-month delay in 2017 before filing the new claims in state court as defeating any showing of good cause. (ECF No. 5 at 4.) In support, Respondent points to the district court's holding in *Corjasso*[8] that to show good cause for the delay in the presentation of a petitioner's new claims, a petitioner ordinarily must show the delay "resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Corjasso*, 2006 WL 1581787, at *1. The facts of *Corjasso*, however, are inapposite.

*Corjasso* held that post-conviction counsel's oversight of an issue on the face of the trial transcripts did not constitute good cause for a *Rhines* stay because this oversight was not outside the control of the petitioner. *Id.* Further, the court noted that "counsel's workload does not provide good cause for his failure to exhaust his claims in state court." *Id.* However, in *Corjasso*, counsel's oversight caused several years of delay out of a total of over eight years' delay in the exhaustion of the petitioner's state remedies. (ECF No. 6 at 3.) There was no new evidence to excuse petitioner's failure to exhaust, only evidence that had been previously overlooked. *Corjasso*, 2006 WL 1581787, at *1.

Here, new evidence surfaced in 2017 less than a year after the conclusion of Petitioner's first round of state collateral review in 2016. (ECF No. 2-2 at 2.) Petitioner

---

[8] In *Corjasso v. Ayers*, 2006 WL 1581787, at *1, the District Judge adopted the portion of the Magistrate Judge's report and recommendation stating that Petitioner did not have good cause for his failure to exhaust over the eight year period, but did **not** adopt the Magistrate Judge's recommended "excusable neglect" legal standard for showing good cause under *Rhines*.

8

18cv0147 JLS (JLB)

promptly retained counsel who was unfamiliar with Petitioner's case (*id.*) and that newly retained counsel filed habeas petitions in both state and federal court within four months **and** prior to the expiration of AEDPA's one-year statute of limitations. (*See* ECF No. 2-1 at 2.) Moreover, counsel cited legitimate reasons for needing four months to prepare and file the petitions. (ECF No. 2-3 at 3.)

Further, Petitioner has been diligently pursuing his new claims in state court. (ECF No. 2 at 1.) The exhaustion of Petitioner's new claims may be imminent as they have already been presented to the California Supreme Court. Petitioner has set forth a reasonable excuse, supported by evidence, for not exhausting state remedies earlier. *See Blake*, 745 F.3d at 983. Therefore, for the reasons stated above, Petitioner has met his burden to show good cause for a stay under *Rhines*. *See id.*; *see also Gonzalez v. Wong*, 667 F.3d at 980.

### 2. Merits of the Unexhausted Claims

Under the second requirement of the *Rhines* test, a district court should not grant a *Rhines* stay when the petitioner's unexhausted claims are plainly "meritless." *Rhines*, 544 U.S. at 277. Here, Petitioner has articulated cognizable claims supported by legal authority, and has presented new evidence that allegedly supports these claims. Therefore, Petitioner's unexhausted claims are not plainly meritless.

### 3. Intentionally Dilatory Litigation Tactics

The third requirement of the *Rhines* test is that "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The record reflects Petitioner has been diligently pursuing his habeas claims. There is nothing in the record to indicate that Petitioner intended to cause any delay regarding his new claims. Therefore, the third requirement of the *Rhines* test is met.

## IV. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the district court issue an Order: (1) approving and adopting this Report and Recommendation,

(2) granting Petitioner's Motion (ECF No. 2); and (3) issuing a stay and abeyance of the Petition under *Rhines*.

**IT IS ORDERED** that no later than **July 27, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **August 3, 2018**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: July 13, 2018

*[signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge