# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PATRICK BANKS,<br><br>                      Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>                      Respondent. | Case No.: 18-CV-147-JLS (JLB)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING PETITIONER'S MOTION; (3) STAYING PETITION**<br><br>(ECF Nos. 2, 7) |

Petitioner Sean Patrick Banks filed a Motion to Stay Proceedings Pending Exhaustion of State Remedies and to Hold Federal Petition in Abeyance, (ECF No. 2). Respondent filed an Opposition to the Motion, (ECF No. 5), and Petitioner filed a Reply in support of the Motion, (ECF No. 6). Magistrate Judge Jill L. Burkhardt issued a Report and Recommendation, recommending this Court grant Petitioner's Motion and issue a stay and abeyance of the Petition. ("R&R," ECF No. 7.) Neither Party has objected to the R&R.

## BACKGROUND

Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion. (*See* R&R 1–3.)[1] This Order

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

1

incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

Petitioner's Petition is a "mixed petition," which is one that contains some claims that have been fully exhausted in state court and some claims that have not. (R&R 4.) Both Parties agree that a stay of the current proceedings is appropriate, but "disagree as to whether this Court should grant a stay utilizing the 'stay and abey' procedure set forth in the Supreme Court case *Rhines v. Weber*, 544 U.S. 269 (2005), or the procedure established by the Ninth Circuit in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)." (*Id.* at 3.) Judge Burkhardt recommends this Court issue a stay and abeyance of the Petition under *Rhines*. (*Id.* at 10.)

Under the *Rhines* procedure, a court stays the mixed petition and holds it in abeyance while the petitioner exhausts his unexhausted claims in state court. 544 U.S. at 275. Once the petitioner has exhausted his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. *Id.* at 277. Before granting the stay,

the district court must determine the petitioner has (1) good cause for his failure to exhaust; (2) unexhausted claims that are potentially meritorious; and (3) refrained from "intentionally dilatory litigation tactics." *Id.* Here, the issue is whether there is good cause for Petitioner's failure to exhaust his unexhausted claims.

Judge Burkhardt found that Petitioner has met his burden to show good cause in his failure to exhaust his claims. (R&R 7.) Petitioner's unexhausted claims are based on new evidence which was allegedly found after Petitioner appealed his state court conviction. (*Id.*) Further, although there was a four-month delay between Petitioner and his counsel's discovery of the new evidence and the filing of the new claims in state court, this does not negate good cause. (*Id.* at 8.) "Petitioner has set forth a reasonable excuse, supported by evidence, for not exhausting state remedies earlier." (*Id.* at 9.) Further, Judge Burkhardt agrees with the Parties that Petitioner has established the final two prongs of *Rhines*: Petitioner's claims are not plainly meritless, and Petitioner has not engaged in intentionally dilatory litigation tactics. (*Id.*).

The Court finds no clear error in Judge Burkhardt's findings and recommendations and **ADOPTS** the R&R. The Court **GRANTS** Petitioner's Motion for Stay and Abeyance. No later than 30 days after proceedings in his state case are completed, Petitioner **SHALL** serve and file notice that proceedings are completed. The Clerk of Court **SHALL STAY** this action.

**IT IS SO ORDERED.**

Dated: August 2, 2018

Hon. Janis L. Sammartino
United States District Judge